B. Joseph was essentially of the same character as the substitution of the latter for Benedict Joseph. The single clause on which the applicant depends cannot be considered independently from the language immediately preceding it, which is similar to that used in filling the first vacancy. The testator merely made provision for the additional executors in the event that his wife should not survive him. He made no provision for the event of her death after receiving letters. The cases cited in support of the application I think are not in point. The proper course is to seek the appointment of an administrator with the will annexed.

Application denied.

(92 Misc. Rep. 650)

## In re BREESE'S ESTATE.

(Surrogate's Court, New York County. December 7, 1915.)

GUARDIAN AND WARD ⚖➡13—APPOINTMENT—WHO MAY PETITION.

Under Code Civ. Proc. § 2654, subd. 2, one authorized to act as guardian for infants within the county of the residence of the infants may apply for ancillary letters of guardianship. Under section 2655, ancillary letters of guardianship will be issued to the petitioner if the surrogate is satisfied that the case is within section 2654. The petitioner applied for ancillary letters of guardianship to issue to him and another person jointly. *Held*, that the letters could issue to the petitioner only.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 40–52; Dec. Dig. ⚖➡13.]

In the matter of the application for ancillary letters of guardianship in the estate of William Lawrence Breese and Hamilton Fish Breese, infants. Letters granted.

Marvin, Hooker & Roosevelt, of New York City, for petitioner.

FOWLER, S. This is an application for the grant of ancillary letters of guardianship to the petitioners as joint ancillary guardians. Under section 2654, subdivision 2, the application for ancillary letters must be made by the person authorized to act as guardian within the country where the infant resides. Section 2655 provides that if the surrogate is satisfied that the case is within section 2654, and "that it will be for the ward's interest that ancillary letters of guardianship should be issued to the petitioner," he may grant letters of guardianship accordingly. This section merely provides for the granting of letters to the petitioner, and not to the petitioner and another person jointly. There is no provision of the Code which authorizes the issuance of joint letters of guardianship in the Surrogate's Court.

The decree should provide for the issuance of ancillary letters to Julia Fish Breese.

⚖➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes